USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-28-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MOHAMMED NAJIB,

           Plaintiff,

   -against-

RENEE J.G. ARNOLD, DIANA J. KANIECKI,
and PHARMACON INTERNATIONAL, INC.

           Defendants.

------------------------------------------------------------x

03 Civ. 3010 (PAC)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

On April 30, 2003, Plaintiff Mohammad Najib ("Najib") filed a Complaint against Defendants Pharmacon International, Inc. ("Pharmacon") and two of its officers, directors, and controlling shareholders, Renee J.G. Arnold and Diana J. Kaniecki (the "Individual Defendants") alleging: (1) violations of the minimum wage and overtime provisions of the federal Fair Labor Standards Act ("FLSA"); (2) violations of New York's wage and overtime laws; (3) negligence; (4) breach of contract; and (5) tortious interference with contract.

In a Memorandum Order dated June 12, 2008, the Court granted partial summary judgment to Najib, holding that the "Business Arrangement" he entered into with Defendants constituted a contract. Najib v. Arnold, No. 03 Civ. 3010 (PAC), 2008 WL 2414262, at *2 (S.D.N.Y. June 12, 2008). The Court further held, however, that genuine issues of material fact remained that prevented Najib from prevailing on his breach of contract claim as a matter of law. Id. at *3.

Defendants now move to dismiss all claims other than the breach of contract claim. Defendants argue that the parties agreed on July 1, 2008 to dismiss all non-contract claims. Plaintiffs deny any such agreement.

In the June 12, 2008 Memorandum Order, the Court found that a contract existed, but implicitly found that Najib's remaining non-contract claims were without merit. These claims were clearly pled as alternatives to the breach of contract claim and were rendered moot by the Court's determination that a contract existed. Najib's FLSA, New York labor law, negligence, and tortious interference claims against both Pharmacon and the Individual Defendants are therefore DISMISSED.

Individual Defendants Arnold and Kaniecki also move for summary judgment on Najib's breach of contract claim on the grounds that Najib's contract is solely with the corporate Defendant Pharmacon and that they cannot be held parties to the contract. The Individual Defendants point to the fact that the signature blocks on the Business Arrangement included their Pharmacon titles and claim that what they promised to do as individuals was to cause Pharmacon to take various corporate actions—give stock to Najib, appoint him to the Board of Directors, and pay him a salary. (See Indiv. Def. Mem. in Support of Summ. Judg. at 7-10; Decl. of Sumeeta Gawande ("Gawande Decl.") Ex. C, "Business Arrangement," at 00173.)

In New York, it is well-settled that an officer or director who, "acting within the scope of his authority," signs a contract on behalf of his company, "is not liable for a breach of the contract unless the intent to bind himself personally clearly appears." Salzman Sign Co., Inc. v. Beck, 206 N.Y.S.2d 525, 526 (App. Div. 2d Dep't 1960). Nonetheless, in determining whether the contract demonstrates an intent on the part of an officer or director to be personally bound to the contract's terms, the Court must read the document as a whole and avoid any interpretation that renders contractual clauses meaningless. See 150 Broadway N.Y. Assocs, L.P. v. Bodner, 14 A.D.3d 1, 6-9 (App. Div. 1st Dep't 2004).

The Business Arrangement, read as a whole, provides considerable evidence that Arnold and Kaniecki may, in fact, have intended to assume personal liability. The first paragraph describes the document as an "agreed upon business agreement...among Mohammad M. Najib, an

2

individual...Renee J. Goldberg Arnold, an individual...and Diana J. Kaniecki, an individual..." and lists each individual's home address. (Gawande Decl. Ex. C at 00173.) Under the heading "Compensation," the document states that "Arnold and Kaniecki agree to pay in full amounts due to Najib," "Arnold and Kaniecki agree to pay Najib a basic annual salary," and "Arnold and Kaniecki agree to reimburse Najib for expenses incurred." (Id.) The last line of the document, just above the signature blocks, indicates that "Arnold, Kaniecki, and Najib agree to abide by the articles mentioned above...." (Id. at 00174.)

The language of the Business Arrangement precludes summary judgment for the Individual Defendants on Najib's breach of contract claim. Indeed, the Court recognized this in its Memorandum Order, where it held that summary judgment was inappropriate because "[o]n the one hand, Arnold and Kaniecki repeatedly undertook obligations in language suggesting personal accountability....On the other hand, the Individual Defendants signed the document under their Pharmacon titles....[T]he resolution of such ambiguity is reserved to the fact finder." Najib, 2008 WL 2414262, at *3 n.2.

The Individual Defendants' motion for summary judgment is therefore DENIED. The parties shall appear before this Court for a pretrial conference on Feb 24, 2009 at 4:45 pm *for the purpose of scheduling a trial date and any related matters the parties may wish to raise.*

Dated: New York, New York
January 28, 2009

SO ORDERED

*[signature]*
PAUL A. CROTTY
United States District Judge

3